UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| VIBRON LLOYD, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )  Case No. 22-cv-1010-JBM |
| | ) |
| ROB JEFFERIES, *et al.* | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and incarcerated at Illinois River Correctional Center, pursues an action under 42 U.S.C. § 1983 for deliberate indifference to his serious medical needs.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

Plaintiff claims that (1) Rob Jefferies, the Director of the Illinois Department of Corrections ("IDOC"), (2) Tiffany Clark, the Warden of Illinois River Correctional Center, and (3) Wexford Health Sources Incorporated ("Wexford") violated his constitutional rights by failing to provide mental health treatment due to a staffing shortage.

Plaintiff states that he suffers from depression, physical pain, emotional distress, and psychological damage, including personal humiliation and mental anguish. After a "near death experience" in 2020, he began participating in weekly mental health classes and speaking with a Mental Health Provider ("MHP"), but it has now been months since Plaintiff has been able to meet with a MHP.

After Plaintiff's brother was shot and killed in August 2021, he sent multiple request slips to the health care unit and Warden Clark asking to see a MHP for treatment. He did not receive a response and was placed on a follow-up list for treatment.

On December 23, 2021, he asked MHP Rabe if she received his request slips. She responded that she has a stack of request slips on her desk and there were not enough staff members to provide services.

**ANALYSIS**

Deliberate indifference to a prisoner's serious medical need violates the Eighth Amendment. *Snipes v DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) (citing *Estelle v. Gamble*, 429 U.S. 104 (1976)). A claim does not rise to the level of an Eighth Amendment violation, however, unless the punishment is "deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." *Antonella v. Sheehan*, 81 F.3d 1422, 1427 (7th Cir. 1996). A medical need is serious if a delay in treatment "exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations omitted). "To determine if a prison official acted with deliberate indifference, we look into his or her subjective state of mind." *Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016), *as amended* (Aug. 25, 2016) (internal citations omitted). The

defendant must have actually known of and disregarded a substantial risk that the plaintiff would suffer harm. *Id*. This is a high bar "because it requires a showing [of] something approaching a total unconcern for the prisoner's welfare in the face of serious risks." *Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012).

The complaint does not specify in what capacity Director Jefferies and Warden Clark are being sued, whether they are sued in their official capacity, individual capacity, or both. In contrast to the claims pled against them, it appears they are being sued in their official capacity since there are no allegations that they were personally involved. As to Director Jefferies, Plaintiff names him in the caption and briefly mentions that he, along with Warden Clark and Wexford, "neglected to provide any mental health care staff to meet the psychological needs of inmates in need of mental health care as ordered by federal courts." (Doc. 1 at 28). "[T]o be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). There is no respondeat superior under § 1983. If state prison officials are named, they must be named in their individual capacities, and Plaintiff must allege that the official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). State officials acting in their official capacities are not "persons" amenable to suit under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

To state a claim against Warden Clark, Plaintiff must show that his injury was the result of the Warden's official policy or custom. *See Pembaur v. City of Cincinnati,* 475 U.S. 469, 479-80 (1986); *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690-91 (1978). To adequately plead a claim under *Monell*, the allegations "must allow [the court] to draw the

3

reasonable inference that the [defendant] established a policy or practice" which caused the injury. *McCauley v. City of Chicago*, 671 F.3d 611, 618 (7th Cir. 2011). "The Complaint must provide enough facts, if proven to be true, to support an inference that the implicit policy was so widely followed as to represent an official policy for which the [defendant] is liable." *Hare v. County of Kane*, No. 14-1851, 2014 WL 7213198, at *3 (N.D. Ill. Dec. 15, 2014). Here, Plaintiff has failed to state a claim against Director Jefferies and Warden Clark. They are DISMISSED, without prejudice.

While Plaintiff names Wexford, he does not allege that he was injured due to a Wexford policy. Wexford is potentially liable only if its policy or practice caused a constitutional injury. *Monell*, 436 U.S. at 691-92; *McCauley*, 671 F.3d at 616 (to adequately plead *Monell* liability, allegations "must allow [the court] to draw the reasonable inference that the [defendant] established a policy or practice" which caused the injury). Wexford is also DISMISSED, without prejudice.

**IT IS THEREFORE ORDERED:**

Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this Order in which to file an amended complaint. The pleading is to be captioned "Amended Complaint" and is to state all of Plaintiff's claims against all Defendants without reference to a prior pleading. Piecemeal amendments are not accepted. Failure to file a timely amended complaint will result in the dismissal of this case, without prejudice.

ENTERED:  March 23, 2022

s/ Joe Billy McDade<br>Joe Billy McDade<br>United States District Judge