UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| VIBRON LLOYD, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 22-cv-1010-JBM |
| | ) |
| ROB JEFFERIES, *et al.* | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER – AMENDED COMPLAINT

Plaintiff, proceeding *pro se* and incarcerated at Illinois River Correctional Center ("Illinois River"), pursues an action under 42 U.S.C. § 1983 for deliberate indifference to his serious mental health needs. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### FACTS

In his Amended Complaint, Plaintiff states that he suffers from PTSD, depression, unspecified physical pain, emotional distress, psychological damage, mental anguish, and personal humiliation. After Plaintiff's brother was shot and killed in August 2021, Plaintiff alleges that he sent multiple request slips to the healthcare unit and Warden Clark asking to see a MHP for

1

treatment and did not receive a response. On December 23, 2021, he asked MHP Rabe if she received his request slips. Rabe responded that she had a stack of request slips on her desk, but there were not enough staff members to provide services. Plaintiff was placed on a follow-up list but did not receive treatment.

Plaintiff sues Rob Jefferies, the Director of the Illinois Department of Corrections ("IDOC"), in his individual capacity. Plaintiff alleges that Jefferies was aware of the lack of mental health treatment or services within the IDOC, turned a "blind eye" to the issue, and participated in a constitutional deprivation by neglecting to provide any mental healthcare staff to meet Plaintiff's psychological needs.

Plaintiff also sues Tiffany Clark, the Warden of Illinois River, in her individual capacity. Plaintiff alleges that Clark disregarded a substantial risk to his mental health, despite her awareness of his complaints and grievances, which she signed as Chief Administrative Officer.

Plaintiff alleges that Wexford Health Sources Incorporated ("Wexford") failed to provide mental health treatment due to a staffing shortage, despite having a contract with the IDOC. Plaintiff also alleges that Wexford is liable because no one follows up with inmates suffering from mental disorders; Illinois River does not have an on-site psychiatrist; and correctional staff are not trained to deal with mentally ill inmates.

## ANALYSIS

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id*. An objectively

serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837).

### **IDOC Director Rob Jefferies**

In his Amended Complaint, Plaintiff now specifies that he is suing Director Jefferies in his individual capacity. "[T]o be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park,* 430 F.3d 805, 810 (7th Cir. 2005) (citations omitted). Plaintiff claims that Jefferies was aware of the lack of mental health treatment, participated in the deprivation, was deliberately reckless, turned a "blind eye," and neglected to provide any mental health staff to meet Plaintiff's psychological needs. These conclusory statements do not establish that Jefferies had knowledge of Plaintiff's medical condition or was personally involved in the alleged lack of mental health treatment or services so as to be liable in his individual capacity. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (formulaic recitation of the elements of the cause of action will not suffice). Jefferies cannot be held liable merely due to his supervisory position, as the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under § 1983. *Pacelli v. DeVito*, 972 F.2d 871,

877 (7th Cir. 1992). Jefferies in his individual capacity is DISMISSED, with prejudice, for failure to state a claim.

### Warden Tiffany Clark

Plaintiff claims that Warden Clark was aware of his requests for mental health treatment due to multiple complaints and grievances that Plaintiff sent to her office and that his injury was the result of Clark's "policy or custom." (Doc. 6 at 27). A warden cannot be held liable based solely on involvement in the grievance process. *See Thomas v. Knight*, 196 Fed. Appx. 424, 429 (7th Cir. 2006) (explaining that a warden does not incur § 1983 liability just by participating in the grievance process). "If there is 'no personal involvement by the warden outside the grievance process,' that is insufficient to state a claim against the warden." *Neely v. Randle*, No. 12 C 2231, 2013 WL 3321451, at *3 (N.D. Ill. June 13, 2013) (quoting *Gevas v. Mitchell*, 492 Fed. Appx. 654, 660 (7th Cir. 2012). Plaintiff states that he submitted request slips for mental health treatment to MHP Rabe, who confirmed that she received his requests. "[I]f a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (citing *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005)). Plaintiff does not allege that Clark was personally involved outside of the grievance process, nor does he explain what "policy or custom" caused his injury. The Court finds that this is insufficient to state a claim for relief. Clark in her individual capacity is DISMISSED, with prejudice, for failure to state a claim.

### Wexford

Private corporations such as Wexford have potential liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-92 (1978), if they perform a governmental function and, in doing so, injure plaintiff through an unconstitutional policy or practice. *Iskander v. Vill. of*

*Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (applying municipal liability to private corporations performing governmental functions). "Liability may be based on (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a constitutional injury caused by a person with final policy making authority." *Taylor v. Wexford Health Sources, Inc.*, No.15-5190, 2016 WL 3227310, at *4 (N.D. Ill. June 13, 2016) (citing *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000)). "Although *Monell* claims may proceed with conclusory allegations of a policy or practice, some facts must be pleaded to put the defendant on notice of the alleged wrongdoing." *Taylor*, 2016 WL 3227310, at *4.

Plaintiff has not pled the existence of a particular policy or practice nor alleged that he was injured by an unofficial policy or custom. Allegedly failing to provide mental health treatment due to a staffing shortage is not a policy, practice, or custom. Plaintiff's conclusory statements regarding the lack of follow-up for inmates with known or suspected mental disorders, failure to train correctional staff to deal with mentally ill inmates, and the lack of an on-site psychiatrist at Illinois River also do not constitute specific practices, policies, or customs. As a result, the Court finds that Plaintiff's allegations are insufficient to place Wexford on notice of the claims against it. *See McCauley v. City of Chicago*, 671 F.3d 611, 617-18 (7th Cir. 2011) (a plaintiff must plead a sufficient factual basis for a *Monell* claim); *see also Olive v. Wexford Corp.*, 494 Fed. Appx. 671, 672–73 (7th Cir. 2012) (bare allegations that Wexford had an unconstitutional policy or practice, "does not identify any concrete policy, let alone an unconstitutional one; it is more in the nature of an insult than the sort of allegation required by *Monell* and *Twombly*"); *Taylor*, 2016 WL 3227310, at *4 (dismissing *Monell* claim where "allegations of Wexford's policies and practices

are vague and broad, lacking in sufficient detail to put Wexford on notice of the claim against it"). Wexford is DISMISSED, without prejudice, for failure to state a claim. Plaintiff will be given a final opportunity to file a second amended complaint against Wexford.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have a final opportunity to file a second amended complaint against Wexford within 30 days from the entry of this Order, as stated above. Plaintiff's second amended complaint will replace Plaintiff's amended complaint in its entirety. Piecemeal amendments are not accepted. Failure to file a timely second amended complaint will result in the termination of this case and the dismissal of Wexford, without prejudice, for failure to state a claim.**

ENTERED:  June 14, 2022

s/ Joe Billy McDade<br>
Joe Billy McDade<br>
United States District Judge